IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**FRANK SOLIS**  **PLAINTIFF**
**#159752**

V.  CASE NO. 3:21-CV-53-DPM-BD

**WELLPATH MEDICAL,** *et al.*  **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections**

This Court's recommendation for dismissal of all claims has been sent to Chief Judge D.P. Marshall Jr. Mr. Solis may file objections if he disagrees with the findings or conclusions set out in this recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If Mr. Solis does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Chief Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.  Screening**

Frank Solis, an inmate at the Northeast Arkansas Community Correction Center (NACCC), filed this civil rights lawsuit without the help of a lawyer. He is proceeding *in forma pauperis*. (Doc. Nos. 1, 2, 3)

In his original complaint, Mr. Solis claimed that WellPath Medical and Nurse Panell violated his right to constitutionally adequate medical care by regularly delivering

his testosterone injections late. Even though he named WellPath Medical as a Defendant, Mr. Solis did not refer to WellPath at all in the body of his original complaint.

Rather than recommending dismissal of the original complaint, the Court notified Mr. Solis that his complaint did not state a claim for relief and gave him 30 days to file an amended complaint explaining how he was harmed by the delay in treatment and identifying the WellPath policy, custom, or action that led to a violation of his right to adequate medical care. In response to the Court's order, Mr. Solis filed an addendum and an amended complaint. (Doc. Nos. 5, 6)

   A.   Defendant WellPath Medical

In a civil rights case such as this, a corporation such as WellPath can be held liable only for its unconstitutional policies, practices, and official actions. Therefore, Mr. Solis can pursue claims against WellPath only if he alleges that a Wellpath policy, custom, or official action inflicted an "actionable injury." *Johnson v. Hamilton,* 452 F.3d 967, 973 (8th Cir. 2006). Nowhere in his complaint, addendum, or amended complaint has Mr. Solis identified any WellPath policy, practice, or official action that contributed to a violation of his right to proper medical care. Therefore, has not stated a federal claim for relief against WellPath Medical.

   B.   Defendant Panell

Mr. Solis concedes that he is receiving testosterone injections; but, he alleges, Defendant Panell has administered his injections late on occasion. As one example, he

alleged that Nurse Panell "waited 12 days to order [his] shot after it snowed," even though she knew he was scheduled to get an injection every 14 days. (Doc. No. 2, p. 4) In the addendum to his complaint, Mr. Solis alleges that the delay in receiving his testosterone injections has caused him to grow breasts.

Although Mr. Solis has alleged a harm caused by late injections, he plainly attributes the injection delays to "medical neglect." (Doc. No. 5) In his original complaint, he states that he "want[s] to be compensated for medical negligence[ ]." (Doc. No. 2)

Negligence, even gross negligence, cannot support a claim of deliberate indifference. *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "In contrast to negligence, deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017) (internal quotation omitted). Here, Mr. Solis faults Nurse Panell for being "regularly late" with his injections. These allegations, if true, might indicate negligence, but they do not imply a "highly culpable state of mind." *Hines v. Anderson,* 547 F.3d 915, 920–21(8th Cir. 2008) (unspecified delays in refilling the prisoner prescriptions did not rise to the level of constitutional violation); *Ervin v. Busby*, 992 F.2d 147, 150–51 (8th Cir. 1993) (month-long delay in refilling pretrial detainee's antidepressant prescription was not a constitutional violation). Mr. Solis's allegations against Nurse Panell, even if true, do not state a federal claim for relief.

C. Defendant Mapes

In his amended complaint, Mr. Solis added a claim against Warden Mapes, alleging that the Warden wrongfully refused to grant his request for transfer to a different ADC unit. Mr. Solis believes that his placement at the NACCC presents an improper conflict of interest in the light of his pending claims against the NACCC's medical provider WellPath.

As evidenced by the date on the grievance attached to the amended complaint, Mr. Solis filed his grievance against Warden Mapes after he filed this lawsuit. Because he did not fully exhaust that grievance before filing his original complaint, that claim could not be included in this lawsuit, even if the allegations stated a claim for relief.

## III. Conclusion

Mr. Solis's federal claims against WellPath Medical and Nurse Panell should be DISMISSED, without prejudice, for failure to state a claim for relief. The dismissal should count as a "strike" for purposes of 28 U.S.C. § 1915(g).

Mr. Solis's claim against Warden Mapes should be DISMISSED, without prejudice, for failure to exhaust administrative remedies.

To the extent Mr. Solis asserts state law claims for medical negligence, Chief Judge Marshall should decline to exercise supplemental jurisdiction and dismiss any state claims, without prejudice.

DATED this 13th day of April, 2021.

                                                                                                 _____
                                                                                           UNITED STATES MAGISTRATE JUDGE